UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| Jeffrey Chonaworah ADISAM, A210 177 885,<br><br>          Plaintiff<br><br>vs.<br><br>Margaret A. Hartnett, El Paso Field Office Director, U.S. Citizenship and Immigration Services (USCIS); Tracy Renaud, Acting Director USCIS; Larry C. DeNayer, Acting Deputy Director of USCIS; David Pekoske, Acting Secretary of Homeland Security; Monte Wilkinson, Acting Attorney General of the United States<br><br>          Defendants. | No._____<br><br>COMPLAINT FOR DECLARATORY JUDGMENT OF NATURALIZATION AND PETITION FOR *DE NOVO* REVIEW OF NATURALIZATION APPLICATION UNDER 8 USC SECTION 1421(c) |

    1. Petitioner Jeffery Chonaworah Adisam, through undersigned counsel, respectfully submits this Complaint for Declaratory Judgment and Petition for *De Novo* Review, pursuant to 8 U.S.C. §1421(c), of the denial of his application for naturalization. See 8 U.S.C. §1421(c) ("A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under section 336(a), may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5, United States Code. Such review shall be *de novo*, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."); 8 C.F.R. §310.5(b) ("After an application for naturalization is denied following a hearing before a Service officer pursuant to Section 336(a) of the Act, the applicant may seek judicial review of the decision pursuant to section 310 of the Act.").

## JURISDICTION

    2. This court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction); and 8 U.S.C. §1421(c) (jurisdiction to review denials of applications for naturalization).

## VENUE

3. Venue lies in the Western District of Texas, the judicial district where Petitioner resides, pursuant to 8 U.S.C. §1421(c) ("A person whose application for naturalization under this title is denied ... may seek review of such denial before the United States district court for the district in which such person resides ...."); see also 8 C.F.R. §336.9(b).

## PARTIES

4. The Petitioner, Mr. Adisam, is an lawful permanent resident of the United States.

5. The Defendant, Margaret A. Hartnett, is the Field Office Director of the United States Citizenship and Immigration Services (USCIS) in the El Paso area. The USCIS El Paso Field Office is responsible for, *inter alia*, adjudicating Form N-400 applications for naturalization filed by applicants within its jurisdiction, including the Petitioner. Ms. Hartnett is sued in her official capacity.

6. The Defendant, Ken Cuccinelli, is the Acting Director of USCIS. USCIS is the component of the Department of Homeland Security (DHS) responsible for the administration of agency policies and the processing and adjudication of immigration applications, including applications for naturalization, and has the sole authority to naturalize persons as citizens of the United States, by delegation of the Attorney General pursuant to 8 U.S.C. §1421(a). See also 8 C.F.R. §310.1. Mr. Cuccinelli is sued in his official capacity.

7. The Defendant, Joseph Edlow, is the Deputy Director of USCIS. USCIS is the component of the DHS responsible for the administration of agency policies and the processing and adjudication of immigration applications, including applications for naturalization, and has the sole authority to naturalize persons as citizens of the United States, by delegation of the Attorney General pursuant to 8 U.S.C. §1421(a). See also 8 C.F.R. §310.1. Mr. Koumans is sued in his official capacity.

8. The Defendant, Chad Wolf, is the Acting Secretary of Homeland Security. The DHS has authority over the administration and enforcement of immigration laws, policies, and procedures under U.S. law. Acting Secretary Wolf is sued in his official capacity.

9. The Defendant, William Barr, is the Attorney General of the United States. Pursuant to 8 U.S.C. §1103, he is charged with determining all issues of law pertaining to the immigration and naturalization of aliens under U.S. law. Attorney General Barr is sued in his official capacity.

## FACTUAL BACKGROUND

10. Mr. Adisam is a national of Ghana who initially made lawful entry into the United States with a student visa. On July 15, 2011, Mr. Adisam married Ebony Shanice Williams, a United States citizen. He obtained conditional permanent resident status on June 19, 2012 through an approved Petition for Alien Relative Form I-130 from his spouse. On September 23, 2014, Mr. Adisam's conditional status was removed after filing a Petition to Remove Conditions on Residence Form I-751 and providing USCIS sufficient evidence of a *bona fide* marriage. Mr. Adisam received permanent resident status.

11. On June 22, 2015, USCIS received Mr. Adisam's initial Application for Naturalization Form N-400 and appeared for an interview on August 27, 2015. During the interview USCIS issued Mr. Adisam a notice requesting proof that he had been living in a *bona fide* martial union with his spouse.

12. On September 19, 2015, USCIS received Mr. Adisam's response. USCIS requested Mr. Adisam and Mrs. Williams to appear for another interview on October 28, 2015 where both were interviewed separately.

13. On February 6, 2016, USCIS denied Mr. Adisam's Form N-400 on the basis that he has "not demonstrated that since becoming a lawful permanent resident [he has] been married to and living in marital union with [his] U.S. spouse Ebony Shanice Williams for the requisite time period in the United States." USCIS alleged that Mr. Adisam and his spouse were living in two different addresses at the same time without explanation.

14. On April 10, 2017, Mr. Adisam filed a second Form N-400 and appeared for an interview with USCIS on March 6, 2018. During the interview USCIS alleged that his "lawful permanent resident status [had] been improperly procured through a sham marriage" based on a question to Mrs. Williams if she "ever lived with [him] or if [he] consummated the marriage" to which she replied no. She was also asked if they were married for Mr. Adisam to gain an immigration benefit to which she replied yes. On January 4, 2019, USCIS denied Mr. Adisam's second Form N-400.

15. On February 1, 2019, Mr. Adisam filed a Request for a Hearing on a Decision in Naturalization Proceedings Form N-336. Along with said form he provided sworn affidavits from himself and Ms. Williams. Within his affidavit Mr. Adisam explained he had lived with Ms. Williams for the first two years of their marriage while attending Midwestern State University in Wichita Falls, Texas but then split their residence after his acceptance to attend North Central Texas College in Gainesville, Texas. He further stated that he commuted weekly to be with his spouse, but the commutes become overly burdensome thus reducing the frequency of his visits but still visited none the less. He further confirmed that their marriage was not fraudulent and did in fact have sexual relations both before and after their marriage. Ms. Williams' affidavit corroborated Mr. Adisam's affidavit.

16. On July 2, 2019, Mr. Adisam appeared for another interview with USCIS to determine his eligibility for naturalization. A written Record of Sworn Statement was produced by USCIS where Mr. Adisam further explained the separate residential situation between him and Ms. Williams while in college and clarified that when previously asked if his marriage had been "consummated" he did not understand what the word "consummated" meant. Ms. Williams' Record of Sworn Statement corroborated Mr. Adisam's and further explained that at the previous USCIS interview the officers "twisted [her] words around" and "tried to make [her] say things that [she] did not understand." Subsequently, on September 6, 2019, USCIS for a third time denied his application for naturalization alleging the evidence and "new testimony [was] not sufficient to prove that [he] was lawfully admitted for permanent residence."

17. Mr. Adisam has the right to obtain *de novo* judicial review pursuant to section 310(c) of the Immigration and Nationality Act, 8 U.S.C. §1421(c).

18. The decision of USCIS is incorrect factually and as a matter of law. The evidence in the record establishes that Mr. Adisam's lawful permanent resident status had been properly procured through a *bona fide* marriage with Mrs. Williams and under the law he is entitled to have his application for naturalization approved.

## PRAYER FOR RELIEF

WHEREFORE, the Petitioner prays that the Court:

1. Accept jurisdiction;
2. Conduct a *de novo* hearing on Petitioner's application for naturalization concerning any and all issues the Court deems necessary or appropriate;
3. Approve Petitioner's application for naturalization;
4. Grant attorney's fees and costs of Court to Petitioner under the Equal Access to Justice Act ("EAJA");
5. Grant such other and further relief as this Court deems just and proper

Respectfully submitted this 2nd day of February, 2021

*by*,


_____*/s/*_____
Samuel J. Zermeño
Wisconsin Bar No. 1052897

Zermeño Law
11061 Vista Del Sol Dr.
El Paso, Texas 79935
Tel/Fax: 915-219-4070
sjzermeno@zermenolaw.com

*Counsel for Petitioner*